TALBOT SPICER

*v.*

ALLEN ROBINSON *et al.*

1. JUDGMENT LIEN *upon land conveyed.* A purchaser of land who pays a sufficient consideration, receives a deed and goes into possession before a judgment against a prior owner and grantor becomes a lien thereon, will hold the same, although the conveyance by the judgment debtor to his grantor was fraudulent as to creditors, where he has no notice of the fraud at the time of his purchase.

2. FRAUDULENT CONVEYANCE—*bona fide purchaser protected.* Although a conveyance of land is made to defraud the grantor's creditors, an innocent purchaser for a sufficient consideration, without notice of the fraud, will be protected, and, taking the title clear and pure in his hands, he may transfer the same, purged from the fraud, to his grantor, and take back a mortgage for the unpaid purchase money, which will be good as against the creditors of the first grantor.

APPEAL from the Circuit Court of Mercer county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

This was a bill in chancery, by Talbot Spicer against Allen Robinson, Ambrose McDowell and Anthony S. Burdick, to set

aside certain conveyances as having been made to defraud the creditors of Robinson.

It appears that Robinson, on January 5, 1870, conveyed the land, being the north half of the south-west quarter of section 19, township 14 north, range 1 west, in Mercer county, to Ambrose McDowell, and that the latter, on August 12, 1870, conveyed the same to Anthony S. Burdick, which last deed was recorded on September 26, 1870. On November 5, 1870, Burdick reconveyed the premises to McDowell, taking a mortgage on the land for the purchase money.

On September 5, 1870, a transcript of a judgment before a justice of the peace was filed in the office of the clerk of the circuit court, wherein R. H. Spicer & Co. were plaintiffs, and said Robinson was defendant. On the 8th day of the same month, an execution was issued upon the transcript, under which the land in controversy was sold by the sheriff to Reuben H. Spicer. After the sale, Talbot Spicer recovered a judgment against Robinson, before a justice of the peace, and on December 11, 1871, a transcript of this judgment was also filed in the office of the circuit clerk, and an execution issued thereon. The twelve months having expired from the sale to Reuben H. Spicer, Talbot Spicer, as a judgment creditor, redeemed the land from such sale, and became the purchaser at sheriff's sale under the last named execution, and received a sheriff's deed for the land.

This bill sought to set aside the conveyance from Robinson to McDowell, as made without consideration, and to defraud Robinson's creditors, and to set aside the deed from McDowell to Burdick, the deed from Burdick to McDowell, and the mortgage from McDowell to Burdick, on the ground that Burdick had notice of the fraudulent purpose of the deed from Robinson to McDowell.

The cause was heard on bill, answers, replication and testimony preserved in the record. On the hearing, the court dismissed the complainant's bill, from which decree the complainant appealed to this court.

Mr. I. N. Bassett, for the appellant.

Mr. Chief Justice Walker delivered the opinion of the Court:

In this case the evidence clearly fails to show that Burdick had any notice of any fraud, if any existed, in the previous sale, when he purchased of McDowell. Burdick purchased for value, without notice of any fraudulent intent on the part of Robinson or McDowell. He paid a sufficient consideration, received a deed, and went into possession before Spicer filed his transcript to obtain a lien against his debtor, Robinson. Thus it will be seen that Robinson had conveyed the land, and, whether fraudulently or not, to McDowell, all the title had passed to Burdick before Spicer filed his transcript. He was the owner by purchase in good faith without notice, and Spicer acquired no lien against the land, because Burdick owned it, and Robinson had no interest therein upon which the judgment could operate as a lien.

Even if the sale from Robinson to McDowell was fraudulent, and contrived to hinder and delay the creditors of Robinson, still, when Burdick purchased in good faith for value, and went into possession, he acquired title as against the creditors, as though the transaction was fair and honest between McDowell and Robinson. Burdick's good faith in purchasing the title purified it from the taint of its previous fraud, and the demands of justice require this to be so, as it would be a fraud on such a purchaser, acting in good faith, to sweep away property thus acquired, when he had applied at all known sources of information, and learned the title was clear, by a debt owing by a previous grantor, for his fraud, of which the innocent purchaser could not learn. But there are a great number of authorities which hold that such an innocent purchaser must and will be protected; nor are there, so far as we know, any to the contrary.

Burdick, then, having purchased free from any lien or claim of the creditors, to subject the land to their debts, he could

convey to another the title he thus obtained, in the like condition in which he received it. This is so clearly the law, that it needs the citation of no authorities in its support. The title having become pure and clear in his hands, he could unquestionably transmit such a title to a grantee.

It satisfactorily appears that Burdick paid for the premises by releasing it from a deed of trust to secure a debt which amounted to about $1200, and selling to McDowell a house and lot in New Boston for the balance of what was called a consideration of $2000.

McDowell, when he purchased of Robinson, had assumed to pay off the deed of trust to Edwards as a part of the consideration, and to pay $400, and there is no dispute that the claim of Edwards was a fair and honest incumbrance.

There being no question that Burdick paid the Edwards debt, and the balance of the purchase money being paid in property or otherwise, and obtaining possession before complainant filed his transcript, he took free from the claim of appellant, and being, as we have seen, a *bona fide* purchaser when he sold back to McDowell he could undoubtedly take a mortgage that would secure the purchase money.

Whether McDowell had been previously engaged in assisting to defraud Robinson's creditors or not, could not affect Burdick's mortgage on the land to secure his debt for the purchase and loaned money, amounting to over $2000, which, from the evidence, we think, is more than the land is worth. It would be highly inequitable and unjust to declare this mortgage void, when Burdick owned the land free from all incumbrance when he sold to McDowell, whatever he might have previously done. To do so, it would have been necessary to have connected both McDowell and Burdick with Robinson's fraudulent purposes. But whatever the evidence may show as to Robinson and McDowell, we think it fails to show Burdick participated in or had notice of any intended fraud when the conveyance was made by Robinson to McDowell. He must be protected in his purchase, and the proceeds of the sale,

which are a lien on the land, and that lien in favor of appellee, must be preserved.

The decree of the court below is affirmed.

*Decree affirmed.*