JOHN ZICK *et al.*

*v.*

WILLIAM GUEBERT.

*Filed at Mt. Vernon June 18, 1892.*

1. FRAUDULENT CONVEYANCE—*innocent purchaser will be protected against creditors of the grantor.* Although a conveyance of land is made to defraud the grantor's creditors, an innocent purchaser for a sufficient consideration, without notice of the fraud, will be protected. And the fact that the land sold may be worth more than that given will not render the transaction fraudulent as to the purchaser.

2. SAME—*innocent purchaser not affected by notice subsequent to purchase.* Where the purchaser of an interest in land has no notice, at the time the sale is consummated, that his grantor was insolvent, or that he or she had any design of transferring his or her property to avoid the payment of creditors, and the trade is an ordinary transaction

where one is pressed for money and anxious to sell, and the other buys because he regards the property cheap and a good bargain, the conveyance will be sustained. Notice to the purchaser, shortly after his purchase, of facts showing the insolvency of his grantor, will not affect his rights acquired without notice.

Appeal from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Randolph county; the Hon. George W. Wall, Judge, presiding.

This was a bill in equity, brought by John Zick and Theda Bockhoff, against Sophia, Helena and Rudolph J. Bockhoff and William Guebert, to set aside a deed executed on the 27th day of June, 1885, by Helena Bockhoff to William Guebert, in which she conveyed an undivided one-fourth interest in and to certain property in Red Bud, Randolph county, to Guebert, and also to set aside another deed, bearing the same date, executed by Rudolph J. Bockhoff, conveying to Guebert an undivided one-fourth interest in the same property. The bill also prayed that the property be sold in satisfaction of two certain judgments rendered at the September term, 1885, of the Randolph circuit court,—one for $2092, in favor of the complainant Theda Bockhoff, against Sophia and Helena Bockhoff, and the other in favor of the complainant John Zick, for $3232.71, against Sophia, Helena and Rudolph J. Bockhoff. The ground relied upon in the bill to set aside the deeds was, that they were made to hinder, delay and defraud creditors. The defendant, William Guebert, put in an answer to the bill, in which he denied all the substantial allegations of the bill except the execution and delivery of the deeds. A replication was filed to the answer, and the cause proceeded to a hearing on the pleadings and evidence, and the court rendered a decree setting aside the deed of Rudolph J. Bockhoff, and subjected the interest he held in the premises, to sale in satisfaction of the judgment of complainant John Zick, but as to the deed made by Helena Bockhoff the bill was dismissed. The decree, on appeal, was affirmed in the Appellate Court.

The property involved, Helena and Rudolph J. Bockhoff inherited from their father, who died intestate, leaving a widow, Sophia Bockhoff, and four children. The widow, Sophia, was engaged in the mercantile business in Red Bud, in her own name, but Helena, Rudolph and one of her brothers assisted her in the store. It also appears that Helena and Rudolph had become liable for certain debts of Sophia, by executing certain notes with her, and at the time the deeds were executed they were, as appears from the evidence, indebted more than all the property they owned was worth. It also appears that Sophia Bockhoff was largely indebted, and her creditors were pressing for payment. On the 29th day of June, 1885, Sophia Bockhoff made an assignment of all her property to William Guebert, the defendant, for the benefit of creditors. An inventory attached to the assignment showed her assets to be $9796.35, while the liabilities amounted to near $16,000.

Messrs. WIND, HARTZELL & SIMPSON, for the appellants:

Facts and circumstances that would place a man of ordinary prudence on inquiry are sufficient notice of fraud. *Cowling* v. *Estes,* 15 Bradw. 255; *Bryant* v. *Simoneau,* 51 Ill. 324.

Notice to the attorney is notice to his client. *Williams* v. *Tatnall,* 29 Ill. 553; *Dunlap* v. *Wilson,* 32 id. 517; 2 White & Tudor, pt. 1, 134, 135.

A party is bound by the admissions of one to whom he refers another for information upon a subject of dispute or controversy. 1 Greenleaf on Evidence, sec. 182; *Turner* v. *Yates,* 16 How. 14; *Scott* v. *Harris,* 113 Ill. 447.

Inadequacy of price tends to defraud creditors, and is a badge of fraud. Bump on Fraudulent Con. 86; *Reed* v. *Peterson,* 91 Ill. 288; *Gordon* v. *Reynolds,* 114 id. 118.

When there is an appearance of fraud, inadequacy of price becomes a strong argument against the purchaser. *Weitzell* v. *Fry,* 4 Dallas, 218.

ZICK *et al.* *v.* GUEBERT. 157

Brief for the Appellee. Opinion of the Court.

In a court of conscience, deliberate concealment is equivalent to deliberate falsehood. *Cosby* v. *Buchannon,* 23 Wall. 420.

Where one of two innocent parties must lose, the one who enables the commission of a fraud must suffer the loss. *Lincoln* v. *Claflin,* 7 Wall. 132; *Railroad Co.* v. *Phillips,* 60 Ill. 190; *Clements* v. *Nicholson,* 6 Wall. 299.

A debtor is only allowed to place his property beyond the reach of creditors by assignment for their benefit. *Phelps* v. *Curts,* 80 Ill. 113; *Nesbitt* v. *Digby,* 13 id. 387.

A debtor can not convey his property to be held wholly or in part in secret trust for himself, even when he receives a valuable consideration, so as to cut off creditors. *Mitchell* v. *Sawyer,* 115 Ill. 650; *Moore* v. *Wood,* 100 id. 451; *Lukin* v. *Aird,* 6 Wall. 78.

Admissions of a party to the record are always received against him, even though another be jointly sued. *Rogers* v. *Tuttle,* 19 Ill. App. 163.

Messrs. GORDON & ALLISON, for the appellee:

Fraud of the grantors alone is not sufficient to justify a court in setting aside the conveyance. *Grant* v. *Bennett,* 96 Ill. 513; *Dickerson* v. *Evans,* 84 id. 451.

Acts and declarations of a grantor subsequent to his deed can not be received in evidence to invalidate it. *Dudley* v. *Hurst,* 67 Md. 44; *Short* v. *Tinsley,* 1 Metc. 397; 71 Am. Dec. 482.

As to the right of this court to re-investigate this case, see *Rising* v. *Carr,* 70 Ill. 597, and *Moshier* v. *Norton,* 100 id. 63.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

As the validity of the deed from Rudolph J. Bockhoff to the defendant, Guebert, is not involved in this appeal, it will not be necessary to allude to the evidence bearing on that branch of the case, except so far as the evidence connects the execution of that instrument with the execution of the deed of Helena Bockhoff. If William Guebert purchased in good

faith, for a valuable consideration, he is entitled to be protected in his purchase. In *Spicer* v. *Robinson*, 73 Ill. 519, where the validity of a conveyance, alleged to be fraudulent, was involved, it was held, although a conveyance of land is made to defraud the grantor's creditors, an innocent purchaser for a sufficient consideration, without notice of the fraud, will be protected. Upon an examination of the evidence bearing upon the purchase in question we think it falls within the rule indicated.

It appears from the evidence that on Saturday, June 27, 1885, one Weinrich called at the store of Sophia Bockhoff, for the purpose of collecting certain notes he held, amounting to $700. He presented the notes, and threatened to attach unless he was paid. Helena made some efforts to borrow the money to pay the debt, but failed. Then she called on Guebert, and offered to sell the property in question. In reference to this interview Helena testified, and in this she was corroborated by Guebert, as follows: "I told Guebert I was going to pay Weinrich with the money. I told him I needed the money right off,—that Weinrich demanded his money and was threatening to attach." The price Helena placed on her property was $1500, but she finally sold for $1000, and received $500 in cash and Guebert's note for $500 more. Upon receiving the money and note she executed and delivered to Guebert a deed of the property.

It is claimed in argument that the deed was not made until Sunday, the 28th of June. There are some expressions in the evidence of Helena which seem to support that view, but from her entire evidence, and also from the testimony of the defendant, we think it is plain that the deed was executed on Saturday, the day it bears date; that the money and note were paid over on the same day, and the sale was finally consummated. At the time the trade was closed it nowhere appears that Guebert knew that Helena Bockhoff was insolvent, or that she had any design of transferring her property to avoid the

payment of creditors. The trade was an ordinary transaction where one is pressed for money and anxious to sell, and the other buys because he regards the property cheap and a good bargain. Such transactions are of frequent occurrence, and it never has been supposed that a sale of that character was fraudulent. It is, perhaps, true, that the premises were worth more than the defendant paid; but there was no such inadequacy of price as would indicate fraud, and hence the price, although somewhat inadequate, did not affect the validity of the transaction.

On the next day after the deed was executed, which was Sunday, June 28, Sophia Bockhoff made an assignment of all her property to the defendant, Guebert, and at the same time he purchased from Rudolph J. Bockhoff his interest in the premises in dispute. While it may be true that the facts and circumstances under which the defendant made the last purchase may be sufficient to authorize the finding that he was not a *bona fide* purchaser from Rudolph J. Bockhoff, these facts and circumstances could have no bearing on the previous transaction. When the purchase was made of Helena no arrangement had been made by Sophia, nor was an arrangement contemplated, nor had Rudolph prepared to sell his interest in the property. Some evidence was introduced tending to show that there was an understanding or agreement between the defendant and Helena, when the deed was executed, that defendant should reconvey to her upon repayment of the amount she had received; but this is denied by defendant and Helena, and we think the preponderance of the evidence sustains the finding of the court that no such agreement was made.

After a careful consideration of all the evidence, we are of opinion that the decree of the circuit court is fully sustained by the evidence. The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*