## WILBER S. PECK AND CHARLES A. SHAFFER

### v.

## NICHOLAS D. DYER ET AL.

*Real Property—Conveyance of—Fraud as to Creditors—Remedy of— Rights of Innocent Purchaser of Notes Secured by Mortgage on the Property Conveyed.*

Where real estate in which a judgment debtor had an interest subject to forfeiture, was, after declaration of the forfeiture, the declaration being duly recorded, conveyed to the wife of the debtor in alleged fraud of the rights of the creditors of the husband, the right of such creditors was merely a remedial right to have the conveyance, as against them, set aside, and this remedial right was cut off *pro tanto* by the transfer to an innocent purchaser, without notice of the fraud, of notes secured by a mortgage on the land in question, given by the wife as the nominal purchase price of the land.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding.

Mr. J. K. WILSON, for appellants.

Mr. GEORGE S. HOUSE, for appellees.

MR. JUSTICE CARTWRIGHT. Appellants were complainants in a bill filed to set aside a transaction by which the title to certain property in Joliet was transferred to Ann Jane Fox, which transaction was alleged to be fraudulent as against complainants as judgment creditors of Osmond Fox. Appellees, Nicholas D. Dyer and Mary E. McBride, as executors of Otis Hardy, deceased, were, on their petition, admitted as defendants to that bill, and answered the same, and together with Edward C. Hager filed a cross-bill, alleging that said Otis Hardy in his lifetime became a purchaser for value, before due, of five promissory notes mentioned in the original bill, made by Ann Jane Fox to Frederick W.

Woodruff and secured by trust deed upon said property, executed by said Ann Jane Fox to Edward C. Hager as trustee, and by said cross-bill praying for a foreclosure of said trust deed as a prior lien to the interest or claim of appellants. The cross-bill was answered by appellants, who claimed that the lien of said executors under the trust deed was subservient to their interest. The cause was brought to issue and heard on the bill and cross-bill, and the answers, replications and proofs. Appellants were successful so far as the original bill was concerned, and the action of the court on the original bill is involved in the appeal of Ann Jane Fox against said appellants, submitted at this term. The court, however, found against appellants on the issues made by the cross-bill, and gave to the complainants therein the relief prayed for. There was found to be due said executors on the notes and for taxes and insurance $5,540.30, and for solicitor's fees $100, and a sale was decreed, from the proceeds of which the said amount should be first paid with costs, and next to Ann Jane Fox $1,000 for homestead, if the same should not be assigned, after which the judgments of appellants were to be paid. Appellants were content with the findings of fact, but claim that on the facts found, the conclusion of the court as to right of priority was wrong, and that is the sole question raised on this appeal.

The facts found by the court, material to this question, are substantially as follows: Appellants were judgment creditors of Osmond Fox by virtue of judgments obtained January 12, 1886, in the Circuit Court of Cook County, Illinois, aggregating $4,718.58 and costs. Executions were issued on the judgments and levied on the premises in question, and certificates of such levies were filed January 13, 1886, at 12:40 P. M., in due form. At the time of such levies Osmond Fox had an interest in said premises by virtue of a contract dated January 24, 1878, with William A. Strong, Jr., and Charlotte A. Strong, for the purchase of the same from them for $2,400, which contract contained a provision for forfeiture by the Strongs in case of failure to make pay-

ments according to its terms, and was duly recorded. After the execution of said contract, Osmond Fox improved said real estate by erecting a dwelling house thereon at a cost of $11,000, and was in possession and living on the premises. On April 17, 1886, without notice to appellants, William A. Strong, Jr., and Charlotte A. Strong declared said contract forfeited and filed for record a copy of such declaration, and on the same day conveyed said premises, for an expressed consideration of $2,500, to Frederick W. Woodruff, who was president of the First National Bank of Joliet, a judgment creditor of Osmond Fox by virtue of a judgment junior to that of appellants. On the same day Woodruff conveyed said premises for the expressed consideration of $5,000, to Ann Jane Fox, wife of said Osmond Fox, and said Ann Jane Fox on the same day, as the only purchase price of said premises, made her five notes for $1,000 each, payable to Woodruff, and executed said trust deed to Hager to secure the same. There was then due to the Strongs on said contract about $2,440, and there was due on the junior judgment of the bank $2,525, with interest from January 13, 1886, and costs. The notes and trust deed were designed to pay the Strongs the sum due them on the contract, and the remainder was to pay or provide for the payment of the bank judgment. Otis Hardy became the legal holder of the notes about October 21, 1886, before maturity, for value, without notice of any claims of appellants except such constructive notice as was afforded by the records. The court found that Ann Jane Fox took title to said premises in fraud of appellants.

In so far as the amount due on the Ann Jane Fox notes, as found by the court, included what was due the Strongs from Osmond Fox under the contract, it is conceded by appellants that a prior lien over all other claims was rightfully given, but appellants' objection is to so much of the decree as gave a preference over their right as to the remainder of said notes, including costs, taxes, insurance and solicitors' fees. They contend that as to so much of said notes as was designed to pay, or provide for the payment of the bank

judgment over which they had priority, the executors of Hardy were not entitled to preference in the distribution of the proceeds of sale. As the contract between the Strongs and Osmond Fox was of record at the time of the levies, an interest in Osmond Fox, subject to the levies, was thereby disclosed. It was claimed that this was notice to Hardy of Osmond Fox' title and appellants' lien, and that such notice was sufficient to advise Hardy of the right now claimed by appellants. While it is true that the record showed an interest in Osmond Fox at the time of the levies, subject thereto, it also showed that such interest was subject to forfeiture for failure to comply with the terms of the contract. It afforded notice that all persons claiming under him must see to the fulfillment of the contract for the preservation of their rights. The record also disclosed a forfeiture of the contract, regular on its face, and a conveyance of the legal title to Ann Jane Fox and a conveyance by her to Hager to secure these notes. All this had occurred six months before Hardy bought the notes, and no proceeding had been commenced to avoid the effect of the forfeiture declared or in any way to set up any equity which would give any notice to Hardy, when dealing with the property, that such forfeiture was not in good faith and valid. The proceedings were fair and regular on their face, and Ann Jane Fox was in possession of the property. The right of appellants is merely the remedial right of creditors to have the fraudulent transfer to Ann Jane Fox set aside as against them, because of rights existing in their favor against the equitable interest of Osmond Fox, transferred to her in fraud of those rights. This right is cut off by a transfer to an innocent purchaser, without notice of the fraud which constituted an interference with the right of the creditors. The interest of Osmond Fox, as shown by the record, was subject to be forfeited and lost, and the forfeiture and subsequent conveyances by which the title reached Ann Jane Fox were not his acts. We think that the record did not proclaim the bad faith of the transaction, or give notice to Hardy of the particular fraud of which appellants now complain, or that their

rights were not legally and equitably terminated by the declaration of forfeiture. Under these circumstances the executors were entitled to protection. Bradley v. Luce, 99 Ill. 234; Spicer v. Robinson, 73 Ill. 519.

We think that the decree was right in giving priority to the notes and trust deed and granting the relief prayed for in the cross-bill, and it will be affirmed.

*Decree affirmed.*